**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, | Civil Action No.: 6:20-cv-00812-ADA |
| | 6:20-cv-00813-ADA |
| Plaintiff, | 6:20-cv-00814-ADA |
| | 6:20-cv-00815-ADA |
| v. | 6:20-cv-00816-ADA |
| | 6:20-cv-00902-ADA |
| JUNIPER NETWORKS, INC. | 6:20-cv-00903-ADA |
| Defendant. | **JURY TRIAL DEMANDED** |

**DEFENDANT JUNIPER NETWORKS, INC.'S MOTION TO STAY PROCEEDINGS
PENDING RESOLUTION OF ITS MOTION TO TRANSFER**

I.    **INTRODUCTION**

Both Federal and Fifth Circuit precedent requires district courts to consider motions to transfer before addressing the merits of the case. The Federal Circuit reaffirmed as much just this week. Indeed, in *In re SK Hynix Inc.*, the Federal Circuit proclaimed that a court "must stay all proceedings concerning the substantive issues of the case and all discovery until such time that it has issued a ruling on the motion capable of providing meaningful appellate review of the reasons for its decision." Case No. 2021-113, Dkt. 10 (Fed. Cir. Feb 1, 2021).

Juniper's motion to transfer the above-captioned cases to the Northern District of California has been pending for over two months, and under the current case schedule, will likely not be resolved for over four more. And under the current case schedule the Court will likely not rule on Juniper's motion to transfer until after claim construction is complete and fact discovery has begun. Because the Federal Circuit requires a stay of all substantive issues pending resolution of Juniper's transfer motion, and because such a stay would conserve resources and cause no prejudice to Brazos, Juniper respectfully requests that the Court stay all substantive deadlines in this case. Given that there are several substantive deadlines approaching (including the deadline

for Juniper's invalidity contentions in less than two weeks), Juniper further respectfully requests an expedited hearing on this motion as set forth in Juniper's co-filed Motion to Expedite.

Plaintiff Brazos opposes Juniper's motion.

## II.   BACKGROUND

Brazos filed five of the above-captioned cases against Juniper (Case Nos. 6:20-cv-00812, -00813, -00814, -00815, and -00816) on September 4, 2020.  *See* Dkt. No. 1 in Case No. 6:20-cv-00812.  Juniper answered in those cases on November 16, 2020.  *See* Dkt. No. 16 in Case No. 6:20-cv-00812.  Brazos filed the remaining two cases (6:20-cv-00902 and -00903) on September 30, 2020.  *See* Dkt. No. 1 in Case. No. 6:20-cv-00902.  Juniper answered in those two cases on December 11, 2020.  *See* Dkt. No. 1 in Case. No. 6:20-cv-00902.

On November 25, 2020, Juniper filed a motion to transfer all seven cases to the Northern District of California pursuant to 28 U.S.C. § 1404(a).  Dkt. No. 19.[1]  As Juniper explained in its motion, the facts supporting transfer here are stronger than those in *In re Adobe, Inc.*, 823 F. App'x. 929 (Fed. Cir. 2020) and *In re Apple Inc.*, 979 F.3d 1332 (Fed. Cir. 2020).  *Id.* at 1.  The Northern District of California would be a clearly more convenient forum than the Western District of Texas: most relevant Juniper witnesses and virtually all relevant documents and source code are located in the Bay Area, and Juniper is unaware of any relevant evidence or witnesses located in Texas or any tie that this District has to the case other than Brazos's small Waco office.  As a result, the four private and four public factors courts weigh in deciding motions to transfer tip strongly in favor of transfer to the Northern District of California.  *Id.* at 6-14.

Brazos has taken the position that its opposition to Juniper's transfer motion is not due until June 8, 2021.  Brazos contends that this is the due date set by the Court's November 19, 2020

---

[1]  Juniper's motion in all seven cases was identical and the Court has "soft consolidated" the cases. All future cites to docket numbers will refer to Case No. 6:20-cv-00812.

Standing Order Regarding Venue and Jurisdictional Discovery Limits for Patent Cases ("Standing Order"), which provides that venue discovery will close "no later than six months after the filing of the initial motion." Following the six months of discovery, Brazos will have two weeks to file an opposition to Juniper's transfer motion, Juniper will have a week to file its reply (*see* Rule CV-7(f)(2)), and the Court would either schedule a hearing or rule on the papers sometime thereafter.

Under that schedule, venue discovery would remain open until May 25, 2021; Brazos's opposition to Juniper's transfer motion would be due on June 8, 2021; and the motion would be resolved only sometime after that date. In the meantime, the case schedule is currently proceeding on the merits. *See* Dkt. No. 33. Juniper's preliminary invalidity contentions are due February 16, 2021, and claim construction discovery is scheduled to continue from there, with the *Markman* hearing set for June 3, 2021. *Id.* Fact discovery opens the next day. *Id.* Thus, under the current schedule, Brazos's response to Juniper's transfer motion will not be due until after the *Markman* hearing has been held and fact discovery has begun.

## III.    ARGUMENT

### A.    Juniper's transfer motion must be resolved before the Court reaches the merits of the case.

Precedent from both the Fifth and Federal Circuits makes clear that motions to transfer venue must be resolved before addressing the merits of the case. *See, e.g., In re Nintendo Co.*, 544 F. App'x. 934, 941 (Fed. Cir. 2013) (courts should determine "a proper and convenient venue before addressing any substantive portion of the case."); *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003) (disposition of a "motion to transfer . . . should [take] a top priority in the handling of" a case). The Federal Circuit recently reaffirmed this explicit guidance, holding in November that resolving a pending transfer motion "should unquestionably take top priority" and that it is improper for a district court to instead "barrel[] ahead on the merits" while such a motion

is pending. *In re Apple*, 979 F.3d at 1337-38. And just this week, the Federal Circuit again expressly held as much, ordering this Court to "stay all proceedings concerning the substantive issues in the case until such time as it has issued a ruling on the transfer motion." *In re SK Hynix Inc.*, Case No. 2021-113, Dkt. 10 (Fed. Cir. Feb 1, 2021).

Juniper respectfully submits that the above precedent requires a stay of all substantive deadlines through and including the *Markman* hearing until such time as the Court has ruled on Juniper's motion to transfer.

### B.      The discretionary factors favor a stay.

Even if a stay were not required by Federal and Fifth Circuit precedent, it would still be warranted. A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Dwyer v. USAA Sav. Bank*, No. SA-17-CA-252-FB, 2017 WL 7805760, at *1 (W.D. Tex. Nov. 21, 2017). In assessing motions to stay, courts consider "(1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) judicial resources." *Neodron Ltd. V. Dell Techs.*, 2019 U.S. Dist. LEXIS 23309, *10 (W.D. Tex. Dec. 16, 2019) (Albright, J.). Here, all three factors favor a stay.

### 1.      *A stay will not prejudice Brazos.*

A stay of all substantive deadlines pending the Court's resolution of Juniper's motion to transfer will not prejudice Brazos. The case is in its earliest stages. The only possible prejudice Brazos could assert would be a "delay in the vindication of [purported] patent rights," but "that factor is present in every case in which a patentee resists a stay" and is "therefore not sufficient, standing alone, to defeat a stay motion." *NFC Tech. LLC v. HTC America, Inc.*, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015); *see also E-Watch, Inc. v. Lorex Canada, Inc.*, No. 12-3314, 2013 WL 5425298, at *2 (S.D. Tex. Sept. 26, 2013) ("the mere fact of a delay alone does not constitute prejudice sufficient to deny a request for stay."). Indeed, courts routinely stay cases

pending the resolution of transfer motions.  *See, e.g., Solid State Storage Solutions, Inc. v. STEC, Inc.*, 2:11-cv-00391-JRG-RSP, Dkt. 292 at 1 (E.D. Tex. Jan. 3, 2013).  Because a stay will not prejudice Brazos, this factor favors a stay.

### 2.   *Absent a stay, Juniper will suffer undue hardship.*

Juniper will suffer unnecessary hardship if forced to litigate the merits of the case while its motion to transfer venue is pending.  Specifically, Juniper will be required to spend time and money on the merits of the case, as the current case schedule provides for numerous substantive deadlines in the six months leading up to the June 3 *Markman* hearing—including Juniper's invalidity contentions on February 16, 2021[2], exchange of claim terms for construction on February 22, exchange of proposed claim constructions on March 8, and disclosure of extrinsic evidence on March 15.  *See* Dkt. No. 33 at 2-4.  One of the main reasons courts resolve motions to transfer venue before addressing the merits of a case is to "prevent the waste of time, energy, and money and protect litigants, witnesses and the public against unnecessary inconvenience and expense … when defendants are forced to expend resources litigating substantive matters in an inconvenient venue while a motion to transfer lingers unnecessarily on the docket."  *In re EMC Corp.*, 501 F. App'x. 973, 975–76 (Fed. Cir. Jan 29, 2013) (internal quotation marks omitted).  Absent a stay, Juniper will have to do exactly that here.  The resulting hardship is another factor favoring the grant of a stay.

### 3.   *A stay will serve judicial economy.*

Proceeding on the current case schedule without resolving Juniper's transfer motion may also result in key issues being decided by a court other than the court that will ultimately determine

---

[2]   The scheduling order originally provided that Juniper's invalidity contentions would be due on February 15, 2021, but because February 15 is Presidents' Day the parties have agreed to extend the deadline by a day.

the merits of the case.  *See McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30 (3d Cir. 1970) ("Judicial economy requires that . . . the court which ultimately decides the merits of the action should also decide the various questions which arise during the pendency of the suit instead of considering [the merits] in two courts."); *In re Nintendo Co.*, 544 F. App'x 934, 941 (Fed. Cir. 2013) ("a trial court must first address whether it is a proper and convenient venue before addressing any substantive portion of the case").

Staying the case until the Court has ruled on Juniper's transfer motion, on the other hand, will conserve the Court's time and resources by preventing the Court from expending resources on the merits when the case may ultimately be decided by a different court. *See In re VTech Commc'ns, Inc.*, Misc. No. 909, 2010 WL 46332, *2 (Fed. Cir. Jan. 6, 2010) (urging parties to pursue transfer motions "before the district court invest[s] considerable time and attention on discovery and completing claim construction"); *McDonnell Douglas*, 429 F.2d at 430 ("To undertake a consideration of the merits of the action is to assume, even temporarily, that there will be no transfer before the transfer issue is decided.")  This factor thus also favors a stay.

## IV.    CONCLUSION

For the reasons stated herein, Juniper respectfully requests a stay of all non-venue-related proceedings in this case until the Court rules on Juniper's motion to transfer.  In light of the approaching substantive deadlines, Juniper further respectfully requests an expedited hearing on this motion in accordance with its co-filed Motion to Expedite.

Dated:  February 3, 2021

/s/ B. Russell Horton
B. Russell Horton
rhorton@gbkh.com
George Brothers Kincaid & Horton LLP
114 West 7th Street, Suite 1100
Austin, TX 78701
Telephone: (512) 495-1400
Facsimile: (512-499-0094

Kevin P.B. Johnson
kevinjohnson@quinnemanuel.com
Todd Briggs
toddbriggs@quinnemanuel.com
Margaret Shyr (*pro hac vice*)
margaretshyr@quinnemanuel.com
Joseph E. Reed (*pro hac vice*)
joereed@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Nima Hefazi (*pro hac vice*)
nimahefazi@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Counsel for Defendant*
*Juniper Networks, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on February 3, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

Dated:  February 3, 2021                          /s/ B. Russell Horton
                                                                B. Russell Horton