**U**NITED **S**TATES **D**ISTRICT **C**OURT
**W**ESTERN **D**ISTRICT OF **T**EXAS
**W**ACO **D**IVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>    Plaintiff,<br><br>v.<br><br>JUNIPER NETWORKS, INC.,<br><br>    Defendant. | No. 6:20-cv-00813-ADA<br><br>**J**URY **T**RIAL **D**EMANDED |

### BRAZOS'S ANSWER TO JUNIPER'S AMENDED COUNTERCLAIMS

Plaintiff/Counterclaim-Defendant WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Brazos") hereby responds to the counterclaims in Defendant/Counterclaim-Plaintiff Juniper Networks, Inc.'s ("Juniper") First Amended Answer and Counterclaims (Dkt. 39) (the "Counterclaims") as follows:

Brazos denies all allegations contained in headings preceding individually numbered paragraphs of the Counterclaims. Brazos denies all allegations to the extent not expressly admitted. Brazos hereby responds to the individually numbered paragraphs of the Counterclaims as follows:

### THE PARTIES

1. On information and belief, Brazos admits that Juniper is a corporation organized under the laws of Delaware. Brazos lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph, and therefore denies them.

2. Brazos admits that it is a limited liability company formed under the laws of the State of Delaware, with its principal place of business at 605 Austin Avenue, Suite 6, Waco, Texas 76701.

**JURISDICTION AND VENUE**

3. The allegations in this paragraph state a legal contention to which no response is required. To the extent a response is nonetheless deemed to be required, Brazos admits that Juniper's counterclaims purport to arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. Brazos admits that this Court has subject matter jurisdiction over Juniper's Counterclaims under 28 U.S.C. §§ 1331, 1338, 2201, and 2202. Brazos admits that an actual controversy exists under the Declaratory Judgment Act because Brazos alleges that Juniper has infringed and is infringing U.S. Patent No. 7,483,998 ("the '998 Patent"), and Juniper denies those allegations. Brazos denies any remaining allegations of this paragraph.

4. The allegations in this paragraph state a legal contention to which no response is required. To the extent a response is nonetheless deemed to be required, Brazos admits that this Court has personal jurisdiction over Brazos with respect to the Counterclaims. Brazos denies any remaining allegations of this paragraph.

5. The allegations in this paragraph state a legal contention to which no response is required. To the extent a response is nonetheless deemed to be required, Brazos admits that, for purposes of the Counterclaims, venue is proper in this district. Brazos denies any remaining allegations of this paragraph.

**COUNT 1: DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,483,998**

6. Brazos repeats and realleges its responses to the preceding paragraphs with the same force and effect as if fully restated herein.

7. Brazos admits that on September 4, 2020, it filed a Complaint alleging patent infringement claims against Juniper.

8. Brazos admits that its Complaint alleges that Juniper infringes at least Claim 17 of the '998 Patent. Brazos denies the remaining allegations contained of this paragraph.

9. The allegations in this paragraph state a legal contention to which no response is required. To the extent a response is nonetheless deemed to be required, Brazos admits that an actual, continuing, and justiciable controversy exists between Juniper and Brazos as to Juniper's infringement of claims of the '998 Patent. Brazos denies the remaining allegations of this paragraph.

10. This paragraph does not state a contention to which a response is required. To the extent a response is nonetheless deemed to be required, Brazos denies that Juniper is entitled to a judicial determination and declaration that Juniper does not and has not infringed, contributed to the infringement of, or induced infringement of any claim of the '998 Patent either literally or under the doctrine of equivalents, willfully, or in any other manner.

## COUNT 2: DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,483,998

11. Brazos repeats and alleges its responses to the preceding paragraphs with the same force and effect as if fully restated herein.

12. The allegations in this paragraph state a legal contention to which no response is required. To the extent a response is nonetheless deemed to be required, Brazos denies the allegations of this paragraph.

13. Brazos denies the allegations of this paragraph.

14. This paragraph does not state a contention to which a response is required. To the extent a response is nonetheless deemed to be required, Brazos denies that Juniper is entitled to a judicial determination and declaration that the claims of the '998 Patent are invalid.

**COUNT 3: DECLARATION OF UNENFORCEABILITY
OF U.S. PATENT NO. 7,483,998 DUE TO INEQUITABLE CONDUCT**

15.     Brazos repeats and alleges its responses to the preceding paragraphs with the same force and effect as if fully restated herein.

16.     Brazos admits that the Abstract of the '998 Patent recites, in part, "A cluster router architecture and methods for performing distributed routing are presented. The cluster router architecture includes off-the shelf Personal Computer (PC) hardware-based router cluster notes interconnected in an intra-connection network in multiple dimensions." Brazos denies the remaining allegations of this paragraph.

17.     Brazos denies the allegations of this paragraph.

18.     Brazos denies the allegations of this paragraph.

19.     Brazos admits that the application for U.S. Patent No. 7,436,775 ("the '775 Patent") was filed on July 24, 2003, that the '775 Patent names two inventors: John Lawrence Jordan and Peter Rabinovitch. Brazos also admits that Peter Rabinovitch is the sole named inventor of the '998 Patent; that the application for the '775 Patent was prosecuted, at least in part, by Mr. Jim Zegeer of the Law Office of Jim Zegeer and Bacon & Thomas, PLLC; that the application for the '998 Patent was prosecuted, at least in part, by Mr. Jim Zegeer of the Law Office of Jim Zegeer and Mr. Benjamin E. Urcia of Bacon & Thomas, PLLC; that the application for the '775 Patent was assigned to Assistant Examiner Mark A. Mais; that the application for the '998 Patent was assigned to Assistant Examiner Melvin H. Pollack; that the '775 Patent does not state that it is related to the '998 Patent; that the '998 Patent does not state that it is related to the '775 Patent; and that no events from the prosecution of the application for the '775 Patent were disclosed to the Patent Office during the prosecution of the application for the '998 Patent. Brazos denies that the applications for the '775 Patent and the '998 Patent were

4

signed by in-house counsel John Granchelli. Brazos lacks sufficient information to form a belief as to what the attorneys prosecuting the applications for the '775 Patent and for the '998 Patent were aware of and/or knew, and on that basis denies any allegations regarding the awareness and/or knowledge of the attorneys prosecuting the applications. Brazos denies any remaining allegations of this paragraph.

20. Brazos admits that during the prosecution of the application for the '775 Patent, the Patent Office issued rejections of claims based on U.S. Patent No. 6,101,181 ("Passint"). Brazos denies that claim 12 of the application for the '775 Patent "is nearly identical" to issued claim 17 of the '998 Patent. Brazos denies any remaining allegations of this paragraph.

21. Brazos admits the non-final office action mailed on May 9, 2007 in the application for the '775 Patent included a rejection of claims 1-23 under 35 U.S.C. § 102(b) as being anticipated by Passint. The allegation that "In doing so, the examiner found that the 'external link' claim limitation was disclosed by Passint" is not sufficiently specific for Brazos to form a belief as to its truth, and on that basis, Brazos denies this allegation. Brazos admits that the non-final office action mailed on May 9, 2007 in the application for the '775 Patent stated that "Passint et al., discloses … (b) at least one cluster router external link connected thereto, the at least one external link enabling exchange of packets between external communications network nodes and the cluster router [each router has numerous input/output ports for receiving/sending messages, col. 3, lines 50–54]." Brazos denies any remaining allegations of this paragraph.

22. Brazos admits that Passint states, in part, "a method and a multiprocessor computer system inputting a plurality of processing elements," "[t]he nodes are interconnected by a scalable interconnect network 28, which permits multiprocessor computer systems 20 to be

scalable from desk side systems to very large supercomputer configurations," "[r]outers route messages between processing element nodes on the physical communications links," "[e]ach router includes input ports for receiving messages, output ports for sending messages from the router, two types of virtual channels, a lookup table associated with the input port having a lookup table virtual channel number, and a virtual channel assignment mechanism," and "[a]n example two dimensional (2D) hypercube topology multiprocessor system is modeled in FIG. 4. In FIG. 4, four router chips 50 are employed and are numbered 0 through 3. There are two processor ports from each router, such as those labeled PP from router 0, to couple each router to two nodes to create a double bristled topology." Brazos denies any remaining allegations of this paragraph.

23.    Brazos admits that in an Amendment filed on August 7, 2008 in the application for the '775 Patent, which responded to the non-final office action mailed May 9, 2007 in the application for the '775 Patent, the applicants cancelled pending claims 1–23 and amended the application to add new claims 24–44. Brazos admits that the final office action mailed November 29, 2007 in the application for the '775 patent included rejections of pending claims 22–44 under 35 U.S.C. § 102(b) based on Passint. Brazos admits that the final office action mailed November 29, 2007 in the application for the '775 Patent stated, in part, "Passint et al. discloses … a plurality of externa links for enabling said cluster-based router to exchange traffic with a plurality of nodes of said packet-switched communication network [each router has numerous input/output ports for receiving/sending messages, col. 3, lines 50–54]." Brazos denies any remaining allegations of this paragraph.

24.    Brazos admits that in an Amendment and Response filed on April 29, 2008 in the application for the '775 Patent, which responded to the final office action mailed November 29,

2007, the applicants included an annotated version of Figure 5 from Passint, which is included with additional yellow highlighting below this paragraph of the Counterclaims and which labeled portions of the figure with the term "external connections." Brazos denies any remaining allegations of this paragraph.

25. Brazos admits that in an Amendment and Response filed on April 29, 2008 in the application for the '775 Patent, the applicants amended pending independent claims 24 and 39 to recite, in part, "said configuration having n dimensions, said clusters nodes being interconnected by said internal links in such a way that each of said cluster nodes is connected to two other cluster nodes in each of said dimensions, each of said cluster nodes thereby being connected to 2*n said internal links." Brazos admits that in a Notice of Allowance mailed June 11, 2008 in the application for the '775 Patent, the Patent Office found pending claims 22–44 to be allowable. Brazos denies any remaining allegations of this paragraph.

26. Brazos denies the allegations of this paragraph.

27. Brazos admits that in a non-final office action mailed August 1, 2007 and a final office action mailed April 7, 2008, claims of the application for the '998 Patent were rejected based, in part, on U.S. Patent No. 7,146,421 ("Syvanne"). Brazos admits that in an Amendment and Response filed July 7, 2008 in the application for the '998 Patent, which responded to the final office action mailed April 7, 2008, the applicants stated, in part, "the Syvanne patent does not disclose or suggest that: … **each** of the router cluster nodes have *external* **links** in addition to the internal links between cluster nodes, as recited in original claim 1 and amended claims 17 and 26 (it is the inclusion of *external* links in each router that provides true scalability—which feature is not suggested by Syvanne)" (emphasis in original) and amended pending independent claims 17 and 26, in part, as follows:

> 17. (CURRENTLY AMENDED) A router cluster node of a plurality of router cluster nodes interconnected in a cluster router, each router cluster node comprising:
>
>> …
>
>> b. at least one cluster router external link connected ~~thereto~~ <u>to each of the cluster router nodes interconnected in the cluster router</u>, the at least one external link enabling exchange of packets between ~~external~~ communications network nodes <u>external to said cluster router</u> and the cluster router;
>
>> …
>
> <u>wherein</u> the ~~equivalency between~~ <u>inclusion of said at least one external link in each of the</u> router cluster nodes in the cluster router ~~providing~~ <u>provides</u> a scalable router.
>
>> …
>
>> 26. (CURRENTLY AMENDED) A router-cluster-node-centric configuration enabling the provision of a distributed packet routing response in a cluster router having a plurality of router cluster nodes<u>, each including at least one external link enabling packet exchange with communication network nodes external to said cluster router</u>, ….

Brazos admits that in a Notice of Allowance mailed September 25, 2008 in the application for the '998 Patent, pending claims 1–19m, 21–26, and 28–36 were found to be allowable, stating, in part, "[i]n particular, the usage of external links and scalable routers is novel and non-obvious." Brazos denies any remaining allegations of this paragraph.

    28.    Brazos denies the allegations of this paragraph.

    29.    Brazos denies the allegations of this paragraph.

    30.    Brazos denies the allegations of this paragraph.

    31.    Brazos denies the allegations of this paragraph.

    32.    Brazos admits that it contends that the '998 Patent is valid and enforceable.

33. The allegations in this paragraph state a legal contention to which no response is required. To the extent a response is nonetheless deemed to be required, Brazos admits that a valid and justiciable controversy has arisen and exists between Juniper and Brazos. Brazos denies the remaining allegations of this paragraph.

34. This paragraph does not state a contention to which a response is required. To the extent a response is nonetheless deemed to be required, Brazos denies that Juniper is entitled to a judicial determination and declaration that the claims of the '998 Patent are invalid and not enforceable.

## REQUEST FOR RELIEF

The paragraphs under the "Request for Relief" heading set forth the statement of relief requested by Juniper, to which no response is required. To the extent a response is nonetheless deemed to be required, Brazos denies that Juniper is entitled to any relief in any form whatsoever from Brazos and specifically denies that Juniper is entitled to any of the relief sought in Paragraphs A–H of Juniper's Request for Relief.

Brazos respectfully requests that the Court enter judgment:

(a) dismissing the Counterclaims in their entirety;

(b) awarding Brazos its reasonable attorney fees and costs in defending this action; and

(c) granting Brazos such other and further relief as the Court deems just and proper.

## BRAZOS'S ADDITIONAL DEFENSES

As further answer and as additional defenses, but without assuming any burden that it would not otherwise have or admitting that it bears the burden of proof with respect to any of the following, Brazos asserts the following defenses and affirmative defenses as follows. Brazos

reserves all rights to allege additional defenses, including defenses that become known during the course of discovery.

### AFFIRMATIVE DEFENSE ONE

Juniper's Counterclaims fail to state a claim upon which relief can be granted.

### RESERVATION OF ALL DEFENSES

Brazos alleges that it may have other separate and additional defenses of which it is not presently aware and hereby reserves the right to raise such defenses by amendment of this Answer to Juniper's Counterclaims, including to conform to proof at trial. Brazos therefore reserves all defenses under the Federal Rules of Civil Procedure, including Rule 8(c), the Patent Laws of the United States and any other and additional defenses, at law or in equity, that are now or may become available or appear during, or as a result of, discovery proceedings in this action.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Brazos demands a trial by jury of all issues from this Answer to Juniper's Counterclaims that are triable by a jury.

Respectfully submitted,

Dated: April 6, 2021

*/s/ Raymond W. Mort, III*
Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com
THE MORT LAW FIRM, PLLC
100 Congress Avenue, Suite 2000
Austin, Texas 78701
tel/fax:   (512) 677-6825

Alessandra C. Messing
New York State Bar No. 5040019
amessing@brownrudnick.com
Timothy J. Rousseau
New York State Bar No. 4698742
trousseau@brownrudnick.com
Yarelyn Mena
(*pro hac vice*)

ymena@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, New York 10036
telephone:  (212) 209-4800
facsimile:   (212) 209-4801

Edward J. Naughton
Massachusetts State Bar No. 600059
enaughton@brownrudnick.com
Rebecca MacDowell Lecaroz
(*pro hac vice*)
rlecaroz@brownrudnick.com
BROWN RUDNICK LLP
One Financial Center
Boston, Massachusetts 02111
telephone:  (617) 856-8200
facsimile:   (617) 856-8201

David M. Stein
Texas State Bar No. 797494
dstein@brownrudnick.com
Sarah G. Hartman
California State Bar No. 281751
shartman@brownrudnick.com
BROWN RUDNICK LLP
2211 Michelson Drive, 7th Floor
Irvine, California 92612
telephone:  (949) 752-7100
facsimile:   (949) 252-1514

*Counsel for Plaintiff*
*WSOU Investments, LLC d/b/a*
*Brazos Licensing and Development*